a

RECEIVED
JUN 23 2016
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| LAL BHATIA,<br>Petitioner | CIVIL ACTION NO. 1:16-CV-576;<br>SECTION "P" |
| VERSUS | CHIEF JUDGE DRELL |
| WARDEN, ET AL.,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2241) filed on April 25, 2016, by pro se Petitioner Lal Bhatia (A#75012956). Petitioner is an immigration detainee in the custody of the Department of Homeland Security/Bureau of Immigration and Customs Enforcement (DHS/ICE). He is being detained at the LaSalle Detention Center in Jena, Louisiana. Petitioner challenges his detention.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

### Procedural History

Petitioner is a native and citizen of India. He was admitted to the United States at Honolulu, Hawaii on August 31, 1992. (Doc. 4, p. 67). Petitioner's status was adjusted to that of lawful permanent resident on July 23, 1998. (Doc. 4, p. 67).

On September 7, 2011, Petitioner entered a guilty plea to one count of wire fraud and one count of money laundering in the United States District Court for the

Northern District of California. (Case No. 4:05-cr-00334, N.D. Cal., Doc. 602). He was sentenced to a 63-month term of imprisonment and ordered to pay restitution in the amount of $1,987,250.00. (Case No. 4:05-cr-00334, N.D. Cal., Doc. 602). At the time of sentencing, Petitioner was serving a 48-month sentence imposed in another criminal action in the Northern District of California following a conviction on charges of mail fraud and money laundering. (Case No. 4:05-cr-00334, N.D. Cal., Doc. 679).

DHS determined that Petitioner was subject to deportation pursuant to § 237(a)(2)(A)(iii) of the Immigration and Nationality Act based on Petitioner's criminal convictions. (Doc. 4, p. 67). After serving his criminal sentences, Petitioner was released from the Bureau of Prisons to DHS/ICE custody on April 1, 2016. (Doc. 4, p. 39).

Petitioner made a request for a change in his custody status to the Immigration Court in Oakdale, Louisiana. (Doc. 4, p. 77). On April 20, 2016, the Immigration Judge denied Petitioner's request because Petitioner is subject to mandatory detention. (Doc. 4, p. 77). Petitioner reserved his right to appeal. (Doc. 4, p. 77).

## Law and Analysis

Petitioner complains that his detention is unconstitutional because it is based on the fabrications of an individual, "Mon Wig." However, Petitioner's exhibits demonstrate that his detention is based on his criminal convictions, which rendered Petitioner subject to deportation. (Doc. 4, p. 40, 77).

Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act, codified at 8 U.S.C. § 1227(a)(2)(A)(iii), provides that any alien who is convicted of an aggravated felony at any time after admission is deportable. "Aggravated felony" includes a money laundering crime if the amount of the funds exceeded $10,000, and an offense that involves fraud or deceit in which the loss to the victim or victims exceeds $10,000. See 8 U.S.C. § 1101(a)(43)(D), (M). Petitioner's convictions of money laundering and wire fraud are aggravated felonies committed after Petitioner was admitted to the United States. Thus, Petitioner is "deportable" under § 1227(a)(2)(A)(iii).

Section 1226(c) provides in relevant part that the Attorney General *shall* take into custody any alien who is deportable by reason of having committed any offense covered in § 1227(a)(2)(A)(iii). Although Petitioner claims that his convictions were based on fabrications of "Mon Wig," Petitioner pled guilty to the felonies, which are covered by § 1227(a)(2)(A)(iii). Thus, his detention is mandatory.

Moreover, the United States Supreme Court has held that detention during a petitioner's removal proceedings is a constitutionally permissible part of the removal process. See Demore v. Kim, 538 U.S. 510, 531 (2003) (citing Wong Wing v. United States, 163 U.S. 228, 235 (1896); Carlson v. Landon, 342 U.S. 524 (1952); Reno v. Flores, 507 U.S. 292 (1993)). Thus, Petitioner's detention does not violate the Constitution.

Petitioner also claims that his detention is invalid under the Administrative Procedures Act ("APA"). The APA provides that a person suffering a legal wrong because of an agency action, or adversely affected or aggrieved by an agency action,

3

is entitled to judicial review. 5 U.S.C. § 702. However, APA review is limited to situations where the agency action is reviewable by statute or is a "final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704.

The Supreme Court has explained that, in determining whether something is a final agency action, the courts should apply the following two-part test: (1) the action must mark the "consummation of the agency's decision making process — it must not be of a merely tentative or interlocutory nature"; and (2) the action must be one by which "rights or obligations have been determined," or from which "legal consequences will flow." Bennett v. Spear, 520 U.S. 154, 177–78 (1997) (internal citations omitted). "The core question is whether the agency has completed its decision-making process, and whether the result of that process is one that will directly affect the parties." Franklin v. Massachusetts, 505 U.S. 788, 797 (1992).

In this case, Petitioner's detention pending his removal proceedings is not an administrative decision; it is mandated by law. Even if Petitioner's temporary detention was based on an administrative decision, it would be tentative in nature, not a "final agency action" as required for judicial review.

To the extent that Petitioner claims his underlying criminal convictions are invalid because of Wig's fabrications, this Court lacks jurisdiction. A § 2255 motion in the court of conviction should be used to vacate, set aside, or correct a sentence based on errors that occurred "at or prior to sentencing." Cox v. Warden, Federal Detention Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990) (quoting United States v. Flores, 616 F.2d 840, 842 (5th Cir. 1980)). Petitioner previously filed a § 2255 motion, which

4

was denied. (Case No. 4:05-cr-00334, N.D. Cal., Doc. 353, 386). Petitioner has not met the savings clause of § 2255.

Petitioner attempts to challenge his pre-removal order detention based on statements that led to his guilty plea and conviction. However, because Petitioner's conviction has not been declared invalid, it is a valid basis for his detention by DHS/ICE.

For the foregoing reasons, Petitioner's § 2241 petition should be DENIED and DISMISSED. To the extent Petitioner challenges his underlying criminal conviction, this Court lacks jurisdiction over the claim.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before a final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS

SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 22nd day of June, 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge